AMATOR ZUNIGA V. STATE.

No. 25443. November 7, 1951.
Rehearing Denied January 9, 1952.

Hon. Frank Williford, Jr., Judge Presiding.

*Pliny V. Myers* and *Brann Fuller*, Houston, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for robbery by assault, the jury having assessed the minimum punishment of 5 years in the penitentiary.

Appellant was jointly indicted, tried and convicted with one Mike Perez who did not appeal his 5 years sentence.

There are no bills of exceptions and the sole question raised is as to the sufficiency of the evidence to show that appellant acted as a principal with Perez in the robbery. It is contended that the evidence merely shows his presence at the scene of the crime.

Anita Ramirez, the injured party, was sitting in the automobile of one Inez Salazar at a beer joint. Appellant and Perez came to the car with Salazar and got into the back seat.

It appears that Salazar was taking Anita Ramirez home, and Perez and appellant arranged with him for a ride of a few blocks.

Anita Ramirez identified appellant and Perez as being the persons who assaulted her and took her purse and money and testified in part as follows:

"* * * The two defendants got in the rear seat of the automobile and Salazar got in the front seat with me. Salazar was driving the automobile. The defendant, Amator Zuniga, was sitting immediately behind Salazar, the driver, and this other defendant, Mike Perez, was sitting directly behind me. * * * I had twenty-four dollars in money in my purse. We were within a half a block from Canal Street when the assault was committed. When we first started toward Canal Street the defendants remained very quiet and didn't say anything, and then the first thing I knew they caught me by the neck and twisted it around and then my purse was taken from me. Mike Perez was the one that twisted my neck around and took my purse. The other de-

fendant, Zuniga, placed a knife in Salazar's back. At the time Perez grabbed my purse and twisted my neck and Zuniga had the knife stuck in Salazar's back the automobile was still going and they told him to keep on going. The automobile went between a half a block and a block during that time and then the two defendants jumped out of the automobile and Salazar stopped the automobile.* * *"

But appellant directs attention to the cross-examination of this witness wherein she testified:

"* * * I testified awhile ago that Zuniga had a knife at Salazar's back. How could I see the knife, as my head *of* tilted upward. I know he had a knife on Salazar for the reason that I called on him saying, why can't you help me and he said, I can't. * * *"

It is pointed out also that while the arresting officers found nine dollars on Perez, who was hiding, nothing was found on appellant, who did not try to hide nor to resist the arrest. Further, it is noted that Salazar denied that appellant placed a knife in his back.

The weight to be given the testimony was for the jury.

Appellant was with Perez when they entered the car, fled with him and was with him in the same vicinity some 45 minutes later when they were apprehended by the officers.

From all the facts, the jury was warranted in finding that appellant and Perez acted together in the perpetration of the robbery.

The judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING

MORRISON, Judge.

We have again carefully reviewed the record in the light of appellant's contention that the evidence is not sufficient to support his conviction. There is no controversy over the fact that a robbery took place, appellant's contention being that he was an innocent bystander while Perez committed the same.

Four persons were in the automobile at the time the offense was committed: the injured party, Salazar, and the two charged with the robbery. Salazar was a reluctant witness, he having evaded process and having finally been brought into court by virtue of an attachment. The state was, therefore, dependent in a large measure upon the testimony of the injured party in making out its case.

These facts, indicating appellant's participation in the robbery as a principal, are to us significant:

1. Appellant and Perez, apparently on a common mission, whatever the mission might have been, entered the automobile together.

2. Appellant and Perez simultaneously, and again apparently acting in unison, left the automobile with the fruits of the robbery.

3. Appellant and Perez were arrested together at a house some 45 minutes after the commission of the offense.

This last factor is to us most compelling as circumstantial evidence. By what stretch of the imagination could we say that one, knowing that a robbery had been committed, though innocent himself, would remain in company with the robber at a house where the robber attempted to conceal himself following the commission of the offense. Had he been innocent, would not his first impulse have been to remain with the injured parties? This he did not do, but sought shelter with the robber. This is doubly true, since there is no intimation that Perez in any way attempted to coerce appellant into this course of action.          ,

Remaining convinced that we properly disposed of the case originally, appellant's motion for rehearing is overruled.